**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

PATRICIA RICHARDSON,

                    Plaintiff,

v.                                                    Civil No. 2:24cv588

CARING HANDS AND SUPPLEMENTARY
ENRICHMENT EDUCATION, LLC OF
VIRGINIA,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on a Rule 12(b)(1) and 12(b)(6) motion to dismiss filed by Defendant Caring Hands and Supplementary Enrichment Education, LLC of Virginia ("Caring Hands"). ECF No. 7. Because the facts and legal questions are adequately presented in the motions and subsequent briefs, and oral argument would not aid in the decisional process, the Court finds that a hearing is unnecessary.[1] For the reasons explained herein, the Court **DENIES** the motion to dismiss.

## I. BACKGROUND[2]

Defendant is a licensed provider of intellectual disability services in the Commonwealth of Virginia. ECF No. 1, at 2.

---

[1] Defendant Caring Hands filed a notice of waiver of oral argument on January 21, 2025. ECF No. 15.

[2] The facts reported below are taken from the complaint and do not represent "findings" by the Court for the purposes of the case.

Defendant "employs dozens of individuals to provide in-home health care for the home-bound individuals it serves." Id. Plaintiff's daughter suffers from various medical conditions, including epilepsy, that require her to have in-home medical care. Id. at 3. Defendant hired Plaintiff in September 2020 to provide the necessary in-home health care for her daughter.[3] Id. Plaintiff alleges that she cares for her daughter "24/7" except when she is asleep. Id. at 5. This care includes taking her daughter shopping, to visit friends, to various attractions like the zoo or the library, helping her daughter with her finances, personal hygiene, home maintenance, caring for her pet, and providing some medical assistance including wrapping her daughter's swollen legs to diminish swelling and pain, and picking up her daughter's prescriptions. Id.

From September 2020 to July 1, 2023, Defendant paid Plaintiff $15 per hour for the care Plaintiff provided to her daughter. Id. at 3. Defendant, in turn, charged state Medicaid $38 for each hour Plaintiff worked during this period. Id. Defendant mandated that Plaintiff work 18-to-19-hour days, 7 days a week, and Plaintiff's maximum hours, set by state Medicaid, were capped at 580 hours per month, or 134 hours per week. Id. Plaintiff alleges that she worked 126 hours per week throughout the entire relevant

---

[3] Plaintiff does not provide care to any other individuals besides her daughter. ECF No. 1, at 3.

period and that Defendant only paid her "straight time" hourly compensation for those hours. Id. at 6. Plaintiff asserts, however, that she is entitled to overtime compensation for 86 out of the 126 hours she worked per week during the 91 weeks and five days that comprise the relevant period. Id. Plaintiff alleges that Defendant owes her a total of $ 59,155 in overtime pay, a figure that is subject to doubling under a statutory liquidated damages provision. Id.

Against this background, Plaintiff filed the instant lawsuit alleging two counts: (1) Unpaid Overtime in violation of the Fair Labor Standards Act; and (2) Unpaid Overtime in violation of the Virginia Overtime Wage Act. Id. at 5-7. On December 19, 2024, Defendant filed the pending motion to dismiss alleging that the Court lacks subject matter jurisdiction over this matter and that Plaintiff failed to state a claim upon which relief can be granted. ECF No. 8; Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). The motion to dismiss has been fully briefed and is ripe for decision.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a cause of action based on a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction "challenges [the]

3

court's authority to hear the matter brought by [the] complaint." Zaycer v. Sturm Foods, Inc., 896 F. Supp. 2d 399, 403 (D. Md. 2012). The United States Supreme Court has held that a trial court should "dismiss under Rule 12(b)(1) only when the jurisdictional allegations are 'clearly . . . immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). When a defendant challenges subject matter jurisdiction, the burden of establishing such jurisdiction falls on the plaintiff. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

### 1. Standing

A routine manner of challenging a district court's subject matter jurisdiction involves attacking the plaintiff's "standing." The standing inquiry asks whether a party has a "sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." Sierra Club v. Morton, 405 U.S. 727, 731-32 (1972). If a plaintiff lacks standing, a court necessarily lacks subject matter jurisdiction, Pitt Cnty. v. Hotels.com, L.P., 553 F.3d 308, 312 (4th Cir. 2009), as "'Article III gives federal courts jurisdiction only over cases and controversies,' and standing is 'an integral component of the case or controversy requirement,'" CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52 (4th Cir. 2011) (quoting

Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)).  To carry their burden to establish standing, a plaintiff must show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  The injury in fact must be both concrete and particularized.  Id. at 334.

Standing challenges can be classified as either facial or factual.  In a facial challenge, a "defendant contends that the complaint 'fails to allege facts upon which [standing] can be based.'" Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  In these challenges, a court is required to accept all of the complaint's factual allegations as true, and plaintiffs are "afforded the same procedural protection [they] would receive under 12(b)(6) consideration." Kuntze v. Josh Enterprises, Inc., 365 F. Supp. 3d 630, 636 (E.D. Va. 2019).  On the other hand, in a factual challenge "the defendant contends 'that the jurisdictional allegations of the complaint [are] not true.'" Wikimedia, 857 F.3d at 208 (quoting Adams, 697 F.2d at 1219).  In factual challenges, a court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings." Kuntze, 365 F. Supp. 3d at 636.  How courts evaluate

5

the evidence in factual challenges "depends on whether the jurisdictional facts are intertwined with the merits facts." Id.

### 2. Facts Intertwined vs. Facts Not Intertwined

When the jurisdictional facts in a factual challenge are not intertwined with the merits of the case, a court "may weigh evidence and resolve factual disputes to determine its jurisdiction." Id. The plaintiff will bear the burden of proving jurisdiction by a preponderance of the evidence. Id.

When the jurisdictional facts are intertwined with the merits of the case, a Rule 12(b)(1) motion to dismiss is an "indirect attack on the plaintiff's alleged factual merits," id., or, in other words, a challenge to the validity of the plaintiff's cause of action, Kerns, 585 F.3d at 193. In such situations, it is better to resolve the entire factual dispute "only by a proceeding on the merits." Adams, 697 F.2d at 1219. Proceeding on the merits "entails either denying the Rule 12(b)(1) motion and proceeding with the case, or converting the 12(b)(1) motion into a motion for summary judgment on the merits." Kuntze, 365 F. Supp. 3d at 638.[4]

---

[4] The Fourth Circuit has recognized the validity of both of these alternatives. In Carter v. United States, the Fourth Circuit vacated the district court's grant of the defendant's 12(b)(1) motion, holding that "unless the relevant allegations are 'wholly unsubstantial,' the district court should deny a Rule 12(b)(1) motion in order to 'assume jurisdiction and proceed to the intertwined merits issues.'" 694 F. App'x 918, 924 (4th Cir. 2017) (quoting Kerns, 585 F.3d at 193). In contrast, the Fourth Circuit held in Lutfi v. United States that the district court should have assumed jurisdiction and proceeded as if the defendant filed a motion for summary judgment. 527 F. App'x 236, 241-42 (4th Cir. 2013).

## B. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a cause of action based on the plaintiff's failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Fair notice is provided by setting forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. Id. (quoting Twombly, 550 U.S. at 556).

Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery

7

Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de
Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir.
2011)).  Although the truth of the well-pled facts is presumed,
district courts are not bound by the "legal conclusions drawn from
the facts" and "need not accept as true unwarranted inferences,
unreasonable conclusions, or arguments."  E. Shore Mkts., Inc. v.
J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

### C. Fair Labor Standards Act

The Fair Labor Standards Act ("FLSA") is a federal statute
enacted to ensure that covered employees[5] are guaranteed minimum
wage and overtime pay.  E.M.D. Sales, Inc. v. Carrera, 604 U.S.
45, 47 (2025).  The purpose of FLSA overtime pay is "to compensate
those who labored in excess of the statutory maximum number of
hours for the wear and tear of extra work and to spread employment
through inducing employers to shorten hours because of the pressure
of extra cost."  Bay Ridge Operating Co. v. Aaron, 334 U.S. 446,
460 (1948).  Generally, overtime pay is required when an employee
works more than 40 hours in a week.  E.M.D. Sales, 604 U.S. at 47;
29 U.S.C. § 207.  Under the FLSA, hours worked in excess of 40
hours must be compensated "at a rate not less than one and one-
half times the regular rate at which [the employee] is employed."

---

[5] Covered employees are defined as those "who in any work week are engaged
in commerce or in the production of goods for commerce, or [are] employed
in an enterprise engaged in commerce or in the production of goods for
commerce."  29 U.S.C. § 207(a)(1).

Chavez v. City of Albuquerque, 630 F.3d 1300, 1304 (10th Cir. 2011) (citing 29 U.S.C. § 207(a)(1)). Congress, however, recognizing that overtime pay would be impractical or inappropriate for some jobs, exempted certain categories of employees from FLSA's overtime pay requirement. Carrera, 604 U.S. at 47; see 29 U.S.C. § 213.

If an employer violates the FLSA, they are subject to certain penalties under 29 U.S.C. § 216. For example, if an employer fails to pay an employee the appropriate overtime rate, the employer will be liable to the employee in the amount of their unpaid overtime compensation and an additional equal amount as liquidated damages. Id. These damages amount to what is essentially two times the employee's unpaid overtime wages. FLSA claims have a two-year statute of limitations that can be extended to three years if the employer's violation was willful. 29 U.S.C. § 255.

### D. Virginia Overtime Wage Act

The Commonwealth of Virginia has incorporated the FLSA into the Virginia Code through the Virginia Overtime Wage Act ("VOWA"). Va. Code § 40.1-29.3. The VOWA reinforces the FLSA's requirement that "[a]n employer shall pay each employee an overtime premium at a rate not less than one and one-half times the employee's regular rate for any hours worked by an employee in excess of 40 hours in any one workweek." Id. If an employer fails to pay overtime wages

to an employee under VOWA, the employee can sue to collect overtime wages and an equal amount in liquidated damages.  Id.[6]

### E. Medicaid and Waiver Programs

"Medicaid is a cooperative federal-state program through which the federal government provides financial assistance to states so that they may furnish medical care to needy individuals." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 502 (1990).  States are not required to participate in the program, but those that choose to participate, and receive federal funds as a result, "must provide certain mandatory services for the categorically needy" and comply with applicable federal law and regulations. Boutsikakis v. Tri-Borough Home Care, Ltd., No. 15cv5833, 2018 WL 11476811, at *1 (E.D.N.Y. July 17, 2018).  Beyond these mandatory services that states who opt into Medicaid must provide, there are also various optional benefits and services that states can choose to cover.

The Home and Community Based Services Waiver Program is one of the optional Medicaid programs available to states.  42 U.S.C. § 1396n(c).  Congress created this waiver program to allow states to develop Medicaid plans that would allow for individuals, who would otherwise be institutionalized, to "receive medical assistance in their own homes or home-like settings." Boutsikakis,

---

[6] The statute of limitations for VOWA claims is the same as for FLSA claims.

2018 WL 11476811, at *1.  These Medicaid waiver benefits also allow qualified individuals to select a family member as their paid care provider.  In re Hite, 557 B.R. 451, 453 (Bankr. W.D. Va. 2016). States administer this program by "contracting with private intermediary entities, which determine the recipients' eligibility," develop plans of care, and "approve providers of in-home services."  Id.  These private intermediaries, or third-party agencies, "then engage, coordinate training, and complete payroll service" for these in-home providers (who are sometimes family members).  Id.  The third-party agencies receive reimbursement funds from Medicaid and pay the in-home service provider's wages themselves.  Id.  Virginia opted into the Home and Community Based Service Program and enacted the "Commonwealth Coordinated Care Plus Waiver."  Virginia Medicaid, Virginia's Home and Community Based Services Waiver programs, https://www.dmas.virginia.gov/for-members/archive/waivers/ (last visited April 15, 2025).

## III. DISCUSSION

Because Defendant's jurisdictional challenges to the complaint implicate the Court's authority to consider the merits of Defendant's Rule 12(b)(6) motion, the Court will address the Rule 12(b)(1) claim first.  See Docs Billing Sols., LLC v. GENETWORx LLC, No. 3:18cv35, 2018 WL 4390786, at *2 (E.D. Va. Aug. 30, 2018) (noting that jurisdictional challenges should take precedence over other motions).

11

## A. Rule 12(b)(1) - Subject Matter Jurisdiction

### 1. Taxation Argument (Facial Challenge)

Defendant first advances a facial jurisdictional challenge arguing that because "Medicaid waiver payments are not considered income and are not subject to taxation, a person receiving such payments for providing full-time care to a child in the home is not subject to the FLSA's [or VOWA's] overtime pay requirements." ECF No. 8, at 4. Defendant argues that because Plaintiff is not entitled to overtime pay under the FLSA and VOWA, she suffered no monetary loss and therefore lacks standing. This facial challenge to jurisdiction is analyzed under the familiar Rule 12(b)(6) standard.

Plaintiff concedes, and the Court agrees, that Plaintiff's Medicaid Waiver income is not taxable because of her familial relationship with her daughter for whom she cares. ECF No. 13, at 5. However, Plaintiff effectively argues, and the Court again agrees, that Defendant fails to demonstrate how excluding Medicaid waiver payments from taxable income would somehow render Plaintiff ineligible for federal and state overtime payments. Foster Care Payment, Medicaid Waivers, 2014-4 I.R.B. 445 (2014). Stated another way, Defendant offers no case law, statute, regulation, or other legal authority suggesting that eligibility for overtime pay turns on the tax status of the Medicaid payments.

12

After conducting its own research and reading the guidance promulgated both by the Internal Revenue Service ("IRS") and the Department of Labor ("DOL"), the Court similarly finds no authority, legal or otherwise, that supports Defendant's contention. As such, Defendant's tax-based argument fails to undercut Plaintiff's alleged entitlement to overtime payments under the FLSA or VOWA.

## 2. Familial Relationship
### (Intertwined Factual or Facial Challenge)

Defendant's second argument asserts that Plaintiff fails to allege an injury because "care provided pursuant to the familial relationship is not subject to FLSA [or VOWA] overtime requirements." ECF No. 8, at 7. This argument seems to advance both a factual and facial challenge to standing because Defendant appears to be asserting both that the facts Plaintiff relies on to establish her monetary injury are not true (factual challenge) and that Plaintiff fails to allege sufficient facts to demonstrate a monetary injury (facial challenge). Accordingly, the Court will assess this argument under both the factual challenge and facial challenge standards.

### a. Intertwined Factual Challenge

Defendant's jurisdictional attack on the "veracity of [the] complaint's allegations" in an effort to prove a lack of standing mirrors Defendant's merits-based attack on the validity of

13

Plaintiff's FLSA and VOWA claims.[7]  Carter v. United States, 694
F. App'x 918, 924 (4th Cir. 2017).  Because the jurisdictional
facts are "intertwined with the facts central to the merits," this
Court should "resolve factual disputes only after appropriate
discovery or, if necessary, at trial."  Id.  Before the Court
allows discovery to proceed, however, it must ensure that the
record is sufficient to support a temporary assumption of
jurisdiction.  Kuntze, 365 F. Supp. 3d at 638; see Kerns, 585 F.3d
at 193.  To determine whether it may assume jurisdiction, the Court
engages in a facial analysis, consistent with the Rule 12(b)(6)
framework, where it accepts the plaintiff's well-pled allegations
as true so it may determine whether these facts plausibly confer
jurisdiction.  Kuntze, 365 F. Supp at 639; Rich v. United States,
811 F.3d 140, 144-45 (4th Cir. 2015).  Here, whether Plaintiff
plausibly alleges jurisdiction depends on whether she sufficiently
pled that she suffered an injury — monetary loss — caused by
Defendant's actions.  Spokeo, 578 U.S. at 338.[8]

---

[7] The analysis of whether an individual is eligible for overtime pay under
the VOWA is the same as the FLSA analysis.  Hudson v. Dunn, No. 1:23cv781,
2024 WL 2870845, at *5 (E.D. Va. Mar. 15, 2024).  Therefore, both the
"federal and state-law claims for [] overtime pay [may be] addressed together
as FLSA claims."  Id.; see Va. Code § 40.1-29.2.

[8] "To successfully plead a claim under the FLSA, a plaintiff must allege:
'(1) that she was an employee of the Defendant, (2) that she worked overtime
hours and the 'amount and extent' of such work, (3) that Defendant failed
to pay her the requisite overtime premium under the FLSA for those hours,
and (4) that Defendant knew of Plaintiff's uncompensated time.'" Macias v.
Monterrey Concrete LLC, No. 3:19cv830, 2020 WL 5638710, at *4 (E.D. Va.
Sept. 21, 2020) (citing Kuntze, 365 F. Supp. 3d at 645).  Here, the only

14

## i. Scope of Employment Relationship

Plaintiff's alleged monetary loss turns on the scope of her employment relationship with her daughter, a relationship that may be defined by the "plan of care" that Defendant attaches to its motion to dismiss.  <u>See</u> ECF No. 8-1.  As described in Part II.E. above, when an individual is eligible for benefits under the Home and Community Based Medicaid Waiver Program, they can opt to hire a provider who is related to them, or one who is not.  U.S. Dept. Of Labor, <u>Fact Sheet # 79F: Paid Family or Household Members in Certain Medicaid-Funded and Certain Other Publicly Funded Programs Offering Home Care Services Under the Fair Labor Standards Act (FLSA)</u>, Rev. June 2014, https://www.dol.gov/agencies/whd/fact-sheets/79f-flsa-publicly-funded-programs (last visited April 15, 2025).  If a beneficiary decides to hire a family member to be their care provider, this decision does not automatically turn all care provided into employment; there is both a familial relationship (which is not compensable) and employment relationship (which is compensable).  <u>Id.</u>  The "plan of care" outlines the scope of compensable services and the number of compensable hours each day.  <u>Id.</u>

---

element that Defendant challenges is whether Plaintiff worked hours that qualified for overtime payment under the FLSA.

### ii. Plaintiff's Challenge to Introduction of the Plan of Care

Although the plan of care attached to Defendant's motion likely defines the scope of Plaintiff's employment relationship, the Court's ability to consider such document is disputed. The Rule 12(b)(6) framework generally requires the Court to consider only "the allegations of the complaint itself," <u>Goines v. Valley Cmty. Servs. Bd.</u>, 822 F.3d 159, 165-66 (4th Cir. 2016); however, an exception provides that "a document attached to a motion to dismiss may be considered . . . if the document was 'integral to the complaint and authentic.'" <u>Id.</u> (quoting <u>Sec'y of State For Defence v. Trimble Nav. Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007)). Plaintiff argues that the plan of care that Defendant provides should not be considered when applying the Rule 12(b)(6) standard governing the question of whether this Court may temporarily assume jurisdiction. ECF No. 13, at 4.

There is no dispute as to the authenticity of the plan of care before the Court, but there is disagreement as to whether the document is "integral" to the complaint. However, as explained below, the Court need not resolve this disagreement because the result would be the same regardless of whether the plan of care is considered: this Court should temporarily assume jurisdiction.

### iii. The Plan of Care Supports Assumption of Jurisdiction At This Stage of the Case

Generally, a document is deemed integral when the complaint either relies heavily on the terms and effects of the document, Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002), or when the document itself gives rise to a legal right asserted in the complaint, Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011). "In most instances where this exception [applies], the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls . . . ." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

Here, whether the plan of care is integral to Plaintiff's complaint "is not entirely clear." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016). While Plaintiff appears to indirectly rely on the plan of care in her complaint, her claims are not expressly based on statements in the plan of care and she does not explicitly reference or quote from the document. Id.; see also Global Network Commc'ns, 458 F.3d at 156. (finding that mentioning a document or even offering limited quotations from the document is not enough to meet this standard). On the other hand, the plan of care is a legal document defining Plaintiff's care obligations that was purportedly signed by Plaintiff, and the

17

complaint discusses many of the same facts outlined in the plan of care (training, timecards, patient notes, rate of pay, and hours required to be worked). ECF No. 1, at 2-3.

Assuming without deciding that the plan of care is "integral" and may be considered when applying the Rule 12(b)(6) review standard, the document is instructive as it describes the scope of Plaintiff's employment relationship with her daughter. The plan of care is quite broad on its face, stating that housekeeping skills, social skills, academic skills, community skills, leisure and recreational skills, health and safety, sensory stimulation and gross/fine motor skill development, behavior/problem solving skills, benefits and community resources coordination, and the scheduling, coordination, and transportation to and from medical appointments, mental health appointments, or any other required meetings, are all within the Plaintiff's job responsibilities. ECF No. 8-1, at 3-4. Any care provided outside the scope of this plan of care likely falls within the familial relationship.

Because Plaintiff adequately alleges in her well-pled facts that much of the care she provides to her daughter falls within the scope of this broad plan of care, ECF No. 1, at 5, the Court must infer at this stage that much of this care falls within the scope of the employment relationship rather than the familial relationship. U.S. Dept. Of Labor, Fact Sheet Num. 79F: Paid Family or Household Members in Certain Medicaid-Funded and Certain

Other Publicly Funded Programs Offering Home Care Services Under the Fair Labor Standards Act (FLSA), Rev. June 2014, https://www.dol.gov/agencies/whd/fact-sheets/79f-flsa-publicly-funded-programs (last visited April 15, 2025). Plaintiff thus plausibly alleges that, notwithstanding her familial relationship, she is entitled to overtime wages under both the FLSA and VOWA for the hours she performed these services beyond 40 hours a week.

Taking the well-pled facts in the complaint as true, Plaintiff also plausibly alleges that she did in fact work more than 40 hours per week providing compensable services to her daughter. The Fourth Circuit has held that a plaintiff can plausibly allege the amount of overtime hours worked by "estimating the length of her average workweek during the applicable period and the average rate at which she was paid" during that period. Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017). Plaintiff does both. More specifically, Plaintiff cites the hourly rate ($22.50) that she claims to be due for overtime hours, and while factual disputes may arise as to how many hours beyond 40 fell within the employment relationship, it is notable that Plaintiff seeks compensation for less hours per week than was authorized by state Medicaid, and that for years Defendant knew how many paid hours Plaintiff was claiming and did not challenge them as non-compensable "familial relationship" time, but instead paid her "straight time" for these same reported hours. Because Plaintiff has plausibly alleged that

19

she worked in excess of 40 hours per week providing care within the scope of the plan of care to her daughter, she has also plausibly alleged that she has suffered from a monetary loss and has standing.    Therefore, this Court appropriately assumes jurisdiction over both the FLSA and VOWA claims.

### iv. Assumption of Jurisdiction
### Without Considering the Plan of Care

Alternatively, assuming that the plan of care is not integral to the complaint, the outcome is unchanged.    As discussed in footnote 8, the only aspect of Plaintiff's FLSA claim that Defendant challenges is Plaintiff's ability to allege that she worked hours that qualified for overtime payment.    However, on the face of her complaint, Plaintiff plausibly alleges that she worked more than 40 hours per week providing compensable care for her daughter.    Plaintiff directly alleges that her daughter qualifies under Medicaid for in-home care because of her medical conditions, plainly rendering it plausible that her daughter needs paid assistance to complete many tasks that she would otherwise be unable to complete on her own.    The complaint identifies numerous daily care tasks that Plaintiff provides for her daughter (including hands on medical care, managing prescriptions, and assisting with hygiene and other personal maintenance), as well as additional daily employment-related tasks that are performed, such as preparing "treatment notes."    ECF No. 1, at 5.    Bolstering the

allegation that Plaintiff's claimed hours are not only employment-based and compensable, but also total more than 40 hours per week, Plaintiff provides circumstantial evidence that she actually provided 126 hours of employment-based care per week. <u>Id.</u> at 2, 6. Importantly, as discussed above, for the past <u>three years</u> Defendant has allegedly determined that Plaintiff worked 126 <u>compensable</u> hours each week. While it remains to be seen whether every hour claimed over this time truly fell within the employment relationship, because Defendant repeatedly approved 126 hours of pay, the only reasonable inference at this stage is that Plaintiff worked more than 40 hours per week within the scope of her employment relationship. <u>Id.</u> at 5-6. Because Plaintiff was not receiving overtime payment for the hours she worked beyond 40 hours a week, Plaintiff plausibly alleges a monetary injury as necessary to establish standing. Accordingly, the Court again appropriately assumes jurisdiction over both the FLSA and the VOWA claims.

### b. Facial Challenge

To the extent that Defendant's familial relationship argument is a facial challenge to jurisdiction, the same Rule 12(b)(6) standard that governed the intertwined factual challenge governs the facial challenge. <u>Kuntze</u>, 365 F. Supp. 3d at 636. Accordingly, for the reasons discussed immediately above, Plaintiff's well-pled facts in the complaint plausibly allege that she suffered from a monetary loss due to the fact that she was

paid straight time for compensable hours she worked in excess of 40 hours per week. Plaintiff therefore has adequately alleged an injury in fact and the Court appropriately assumes jurisdiction over both the FLSA and the VOWA claims.

\*      \*      \*

In summary, because Plaintiff plausibly alleges jurisdiction, and there are disputed material jurisdictional facts that are wholly intertwined with the merits of the case, the case should proceed to discovery. Consequently, Defendants' motion to dismiss on Rule 12(b)(1) grounds is **DENIED**.

### B. Rule 12(b)(6) - Failure to State a Claim

Because the Court has appropriately assumed subject matter jurisdiction, it now turns to assess the Rule 12(b)(6) portion of Defendant's motion to dismiss. The dispositive Rule 12(b)(6) question is whether the complaint contains sufficient well-pled facts, when accepted as true, to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. Defendant advances the same two arguments in support of Rule 12(b)(6) dismissal as it did for Rule 12(b)(1) dismissal: (1) Plaintiff's payments under the Medicaid Waiver are not taxable, so she is not entitled to overtime payments under the FLSA and VOWA; and (2) Plaintiff is not entitled to overtime payment for the services she provides her daughter because the care she provides falls within the scope of the familial relationship. The Court has already extensively

evaluated both arguments under the requisite Rule 12(b)(6) standard above and found them unpersuasive at this stage of the proceeding. Accordingly, Plaintiff has plausibly stated a claim upon which relief can be granted and Defendant's Rule 12(b)(6) motion is **DENIED**.[9]

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss on both Rule 12(b)(1) and Rule 12(b)(6) grounds. ECF No. 7.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED**.

/s/ Mark S.

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April **15**, 2025

---

[9] The Court acknowledges that Defendant's motion to dismiss also argues that the statute of limitations bars Plaintiffs FLSA and VOWA claims from September 27, 2021 to September 27, 2022. ECF No. 8, at 7. The statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), that should not be resolved  at the Rule 12(b)(6) stage unless the facts sufficient to rule on that defense are alleged in the complaint. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). In the instant case, if Defendant's alleged violations of the FLSA and VOWA were willful, Plaintiff can recover three years of damages, but if Defendant's violations of the FLSA and VOWA were not willful then Plaintiff can recover only 2 years of damages. See 29 U.S.C. § 255; Va. Code § 40.1-29.3. Because there are not enough facts present on the face of the complaint to determine if Defendant's violations were willful, the Court will not reach the merits of Defendant's affirmative defense at this time.